# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RANDY STEVEN GARDNER,

        Petitioner,

v.

        Case No. 18-cv-11694
        Honorable Linda V. Parker

WILLIS CHAPMAN,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (ECF NO. 7), DISMISSING THE HABEAS PETITION (ECF NO. 1), AND DECLINING TO GRANT A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

This matter has come before the Court on Petitioner Randy Steven Gardner's *pro se* habeas corpus petition under 28 U.S.C. § 2254. Respondent Willis Chapman has moved to dismiss the petition due to Petitioner's failure to comply with the applicable statute of limitations. The Court agrees that the petition is time-barred. Accordingly, the Court is granting Respondent's motion to dismiss and dismissing the petition with prejudice.

## I. Background

Petitioner was charged in Wayne County, Michigan with first-degree, premeditated murder, Mich. Comp. Laws § 750.316(1)(a), first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), torture, Mich. Comp. Laws § 750.85,

and first-degree child abuse, Mich. Comp. Laws § 769.136b(2). On February 27, 2012, he pleaded guilty in Wayne County Circuit Court to second-degree murder, torture, and first-degree child abuse. In return, the prosecutor dismissed the two first-degree murder charges. The plea agreement, as amended, also called for a sentence of thirty to sixty years in prison for the murder and ten to fifteen years in prison for the torture and child-abuse. On April 4, 2012, the trial court sentenced Petitioner pursuant to the plea and sentencing agreement and ordered all the sentences to run concurrently.

Petitioner appealed the scoring of the sentencing guidelines, but the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented to it. *See People v. Gardner*, No. 311351 (Mich. Ct. App. Mar. 15, 2013). Petitioner did not appeal the Court of Appeals decision to the Michigan Supreme Court. *See* Affidavit of Larry Royster, Clerk for the Michigan Supreme Court, ECF No. 8-7.[1]

---

[1] The state trial court's register of actions indicates that, after the Michigan Court of Appeals denied leave to appeal on direct review, an appellate court affirmed the lower court on October 30, 2014. *See* ECF No. 8-1, p. 3, Page ID 88. It does not appear that the October 30, 2014 order was a state supreme court decision on direct review of Petitioner's case, because that would contradict Mr. Royster's affidavit. It appears more likely that the appellate court order entered on October 30, 2014, was the Michigan Court of Appeals decision in Petitioner's co-defendant's case. *See People v. Matilda Jane Brown Gardner*, No. 311753, 2014 WL 5500304 (Mich. Ct. App. Oct. 30, 2014).

On March 30, 2015, Petitioner raised several issues in a motion for relief from judgment. The trial court found no merit in Petitioner's arguments and denied his motion. *See People v. Gardner*, No. 11-005770-01 FC (Wayne Cty. Cir. Ct. Nov. 12, 2015). Petitioner appealed the trial court's decision without success. The Michigan Court of Appeals denied leave to appeal because Petitioner had failed to establish that the trial court erred in denying his motion for relief from judgment. *See People v. Gardner*, No. 332986 (Mich. Ct. App. Aug. 22, 2016). On July 25, 2017, the Michigan Supreme Court denied leave to appeal because Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Gardner*, 500 Mich. 1057; 898 N.W.2d 596 (2017).

The Clerk of this Court received and filed Petitioner's habeas corpus petition on May 30, 2018. The petition is unsigned and undated, but it was post-marked on May 29, 2018. The Court understands Petitioner to be alleging as grounds for relief that: his trial attorney's ineffectiveness rendered his plea invalid; the prosecutor concealed exculpatory evidence and relied on perjured testimony; he is actually innocent of the crimes for which he was convicted; his right of confrontation was violated at the preliminary examination; the police department lacked probable cause to arrest him; and his right to be free from unreasonable searches and seizures was violated by the lead investigator's omission of exculpatory evidence from the request for a warrant. As noted above, Respondent

3

asserts that these claims are barred from substantive review by the one-year statute of limitations applicable to habeas petitions filed by state prisoners.

## II. Applicable Law and Analysis

Petitioner's application for the writ of habeas corpus is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because Petitioner filed his petition after AEDPA became effective in 1996. *Davis v. Bradshaw*, 900 F.3d 315, 323 (6th Cir. 2018), *petition for cert. filed*, No. 18-7188 (U.S. Dec. 20, 2018). AEDPA established a one-year period of limitations for state prisoners to file their federal habeas corpus petitions. *See* 28 U.S.C. § 2244(d)(1); *see also Wall v. Kholi*, 562 U.S. 545, 550 (2011); *Davis*, 900 F.3d at 323; *Holbrook v. Curtin*, 833 F.3d 612, 615 (6th Cir. 2016), *cert. denied sub nom Woods v. Holbrook*, 137 S. Ct. 1436 (2017). The limitations period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). "AEDPA also contains a tolling provision, which specifies that '[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.' " *Holbrook*, 833 F.3d at 615 (quoting 28 U.S.C. § 2244(d)(2)).

Petitioner is not relying on a newly recognized constitutional right, and he has not alleged that a state-created impediment prevented him from filing a timely petition. *Cf.* 28 U.S.C. § 2244(d)(1)(B) and (C). He does allege that the prosecution suppressed evidence of the victim's sickle cell anemia, but he has not shown that the victim actually had the disease. Even if the child had sickle cell anemia, Petitioner could have discovered this fact through the exercise of due diligence, because he appears to allege that the victim's parents disclosed to defense counsel before the preliminary examination that the victim was diagnosed with traits of sickle cell anemia. *See* Memorandum of Law in Support of Pet. for Writ of Habeas Corpus, at 4. Therefore, Petitioner is not entitled to a delayed start for the statute of limitations under 28 U.S.C. § 2244(d)(1)(D).

The relevant subsection here is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." The Supreme Court has explained that,

> [f]or petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Petitioner did not file an application for leave to appeal in the Michigan Supreme Court on direct review, and the deadline for doing so expired on May 10, 2013, fifty-six days after March 15, 2013, when the Michigan Court of Appeals denied leave to appeal on direct review. *See* Mich. Ct. R. 7.305(C)(2) (indicating that, in criminal cases, an application for leave to appeal a Court of Appeals decision must be filed in the Michigan Supreme Court within 56 days of the Court of Appeals decision). Because the time for pursuing direct review in the state court expired on May 10, 2013, Petitioner's conviction became final at that point. He then had one year from that date, or until May 10, 2014, to file his habeas petition or a post-conviction motion that would toll the limitations period. *Gonzalez*, 565 U.S. at 150; 28 U.S.C. § 2244(d)(2).

Petitioner filed his habeas corpus petition at the end of May 2018. That was more than four years after the statute of limitations expired. Although he did file a motion for relief from judgment on March 30, 2015, the limitations period had expired by then as well, and filing the motion did not revive the limitations period or restart the limitations clock at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)). Therefore, the petition is untimely, absent equitable tolling of the limitations period or a credible claim of actual innocence.

### B. Equitable Tolling

AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner "is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner does not seek equitable tolling of the limitations period and, even if he had, he has not shown that he was pursuing his rights diligently or that some extraordinary circumstance stood in his way and prevented timely filing. Therefore, he is not entitled to equitable tolling of the statute of limitations.

## C. Actual Innocence

Actual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their constitutional claims is expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The Supreme Court has cautioned, however, "that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' " *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "To be credible, [a claim of actual innocence] requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner invokes the actual-innocence exception to the statute of limitations on the basis that a forensic pathologist and a detective perjured themselves when they testified at the preliminary examination that the victim's cause of death was starvation and child abuse. According to Petitioner, the victim could have succumbed to his sickle cell anemia. *See* Brief in Support of Pet. for Writ of Habeas Corpus at 14 - 16.

Petitioner has not presented the Court with any evidence that the victim actually had sickle cell anemia. Even if he could produce such evidence, he admitted at the plea proceeding that he whipped the four-year-old child with an extension cord and a belt. 2/27/12 Plea Tr. at 13. He further admitted that the child had open wounds on his buttocks and that he (Petitioner) put loop and whip marks on the child's body. *Id*. at 14-15.

Petitioner also acknowledged at the plea proceeding that, according to the medical examiner's report, the cause of death was starvation. *Id*. at 15.[2] He then admitted that it was his and his wife's responsibility to feed the child and that, if the child starved to death it was his and his wife's responsibility. *Id*. at 15-16. Finally, even though he claimed that he inflicted great bodily harm on the child to discipline him, he admitted that the discipline was unusual, given the child's age. *Id*. at 17-18.

Petitioner has not presented the Court with any new and reliable evidence that the child died of sickle cell anemia, as opposed to starvation and child abuse. Therefore, Petitioner's claim of actual innocence lacks merit and he is not entitled

---

[2] Defense counsel was willing to stipulate at the plea proceeding that, according to the medical examiner's report, the cause of death was starvation. 2/27/12 Plea Tr. at 15. And at Petitioner's sentencing, defense counsel stated four times that the cause of death was starvation. 4/4/12 Sentence Tr. at 4-7.

to pass through the actual-innocence gateway and to have his claims heard on the merits.

### III. Conclusion

For the reasons set forth above, the Court concludes that Petitioner's habeas petition is untimely. Petitioner is not entitled to equitable tolling of the limitations period, and his claim of actual innocence is not tenable.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss the habeas petition (ECF No. 7) is **GRANTED**, and the petition (ECF No. 1) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists could not find the Court's procedural ruling debatable. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED** because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

S/ Linda V. Parker
LINDA V. PARKER
Dated: June 3, 2019         U.S. DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 3, 2019, by electronic and/or U.S. First Class mail.

                                                    S/ R. Loury
                                                    Case Manager